UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRUCE BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00649-JPH-MJD ) |
| B&T BULK, LLC, | ) ) |
| Defendant. | ) |

**ORDER**

**I.   Granting *in forma pauperis* status**

Mr. Brown's motion to proceed *in forma pauperis,* dkt. [2], is **GRANTED** to the extent that he is assessed an initial partial filing fee of $44.72. *See* 28 U.S.C. § 1915(b)(1). He shall have **through January 11, 2021** to pay this initial partial filing fee to the clerk of the district court.

Mr. Brown is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to Mr. Brown and to his custodian.

**II.   Show Cause Order**

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton,* 568 U.S. 251, 256 (2013). In order to hear and rule on the merits of a case, a federal "court must have the power to decide the claim before it (subject-matter

1

jurisdiction)." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). "The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013).  And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

The Court does not appear to have jurisdiction over this case.  The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction.  A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States.  She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Mr. Brown's complaint alleges federal-question jurisdiction but does not identify any federal claim. Dkt. 1.  Mr. Brown alleges that his former employer Defendant "B&T Bulk Trucking Co., LLC" acted with gross negligence by "reckless[ly] disregard[ing]" his interests by "illegally" sending him to drive "an uninsured semi-tractor trail[e]r," which caused him to lose his commercial

driver's license, his other employment, and his freedom. Dkt. 1 at 2–3. He alleges that Defendant "fraud[ulently] misled" him that the "truck was insured." *Id.* at 3. He also alleges that Defendant "committed libel and/or defamation of character" by disclosing information to another employer. *Id.*

However, negligence, fraud, and defamation are state law claims and thus raise no federal question. *See, e.g.*, *Owens v. Carter*, No. 2:17-CV-00462-WTL-MPB, 2017 WL 4682812, at *3 (S.D. Ind. Oct. 18, 2017) ("[A] state law negligence question . . . cannot proceed in federal court without a federal jurisdictional basis"); *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 659 (2008) (Fraud-based "claims have traditionally been handled under state law"); *Petro v. Miller*, No. 1:18-CV-02508-TWP-DML, 2018 WL 3932235, at *1 (S.D. Ind. Aug. 16, 2018) ("[D]efamation is a state law (not federal) claim.").

Mr. Brown has also not established diversity jurisdiction. His complaint states that both he and Defendant are citizens of Indiana. Dkt. 1 at 1–2. Diversity jurisdiction requires that "no plaintiff may be from the same state as any defendant." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006).

Because Mr. Brown has not demonstrated subject-matter jurisdiction, his complaint must be dismissed. Mr. Brown shall have **through January 11, 2021** to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. If he fails to respond by this date, the Court will dismiss this case without prejudice.

**SO ORDERED.**

Date: 12/9/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRUCE BROWN
271394
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135